**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KATHY KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   3:21-cv-1187 |
| | ) |
| WALMART INC., | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Walmart, Inc., by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

**VENUE**

1. There is now commenced and pending in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, a certain civil action designated as No. 20-AR-349, in which Kathy Kennedy is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Madison County, Illinois, which is within the Southern District of Illinois.

**DIVERSITY OF CITIZENSHIP**

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

**AMOUNT IN CONTROVERSY**

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. In her complaint, plaintiff claimed that, as a result of the alleged incident, she sustained "significant injuries." (Complaint, ¶ 5).

9. The District Courts adhere to a policy favoring prompt removal of cases so that a defendant should effect removal when it appears likely from the face of the complaint that the amount in controversy exceeds $75,000, even when the complaint does not explicitly demand a figure exceeding $75,000. *McCoy v. General Motors Corp.*, 226 F.Supp.2d 939, 941 (N.D. Ill. 2002) ("courts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount"); *Fields v. Jay Henges Enterprises, Inc.*, 2006 WL 1875457, at 3 (S.D. Ill. 2006). This Court, in *Fields*, held:

> The purpose of requiring prompt removal of cases in which federal jurisdiction is apparent on the face of a complaint is to avoid gamesmanship. The "policy and purpose of Congress [is] to effect removals as early as possible and avoid unnecessary delay." *Gilardi v. Atchison, Topeka & Santa Fe Ry. Co.*, 189 F. Supp. 82, 85 (N.D. Ill.1960). Correspondingly, courts should not encourage parties to "hold [ ] back" their "federal cards." *Wilson*, 668 F.2d at 966. "If a [defendant] has good grounds to remove a case to federal court, it cannot experiment in state court before seeking removal." *Gallagher v. Max Madsen Mitsubishi*, No. 90 C 0508, 1990 WL

> 129611, at *5 (N.D. Ill. Aug. 27, 1990).  When a defendant fails to effect timely removal of a case that "[is] removable on the initial pleading, the plain language of ... [28 U.S.C.] § 1446(b) applies," so that "[if] the notice of removal [is] not filed within 30 days of the date [the defendant] was served with the original complaint, the removal [is] untimely."  *Id.*

*Fields*, 2006 WL 1875457 at 3; see also *Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex.2000) (noting that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all,").

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. On September 28, 2021, counsel for plaintiff notified counsel for defendant that plaintiff would be undergoing a surgical fusion to resolve the injuries she sustained in the incident that is the subject of this lawsuit (Exhibit 1).

12. Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before September 28, 2021, because plaintiff's medical bills were approximately $2,500.00.

13. Based on the alleged past and future medical expenses and counsel for plaintiff's disclosure of a surgical recommendation, defendant asserts to the Court that a preponderance of

the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

14. Plaintiff filed the Complaint on October 15, 2020, and served defendant with the Complaint and Summons on October 23, 2020.

15. This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

16. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

17. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois, as required by 28 U.S.C. §1446(d).

18. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

DeFRANCO & BRADLEY, P.C.


By <u>/s/James E. DeFranco</u>
    James E. DeFranco, #6181134
    Nicholas C. Martin, #6324298
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    defranco@defrancolaw.com
    martin@defrancolaw.com
    ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| KATHY KENNEDY, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Case No. | 3:21-cv-1187 |
| | ) | | |
| WALMART INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

### AFFIDAVIT

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF ST. CLAIR )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

                                  /s/ James E. DeFranco
                                  JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 28th day of September 2021.

/s/ Marie G. Agne
NOTARY PUBLIC

    "OFFICIAL SEAL"
    MARIE G. AGNE
    NOTARY PUBLIC — STATE OF ILLINOIS
    MY COMMISSION EXPIRES SEPT. 17, 2022

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KATHY KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   3:21-cv-1187 |
| | ) | |
| WALMART INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 28th day of September 2021 he sent by e-mail and United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 28th day of September 2021, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Third Judicial Circuit Court, Madison County Courthouse, Illinois.

/s/ James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 28th day of September 2021.

/s/ Marie G. Agne
NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022