IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

### 30 DAY SUMMONS

2020AR000349

KATHY KENNEDY

PLAINTIFF

Date:   October 15, 2020

vs

Case No:

WALMART, INC

# 28603

DEFENDANT

**DEFENDANT: CT CORPORATION, 208 SOUTH LASALLE STREET, SUITE 814, CHICAGO, IL 60604**

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, **within 30 days after this service of this summons**, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in the complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness: , Clerk of said Circuit Court and the seal thereof, at Edwardsville, Illinois, this October 15, 2020.

10/19/2020



Clerk of the Circuit Court

/s/ Terianne Edwards

By:_____
Deputy Clerk

(Plaintiff's Attorney)
Brady McAninch
5111 W. Main St.
Belleville, IL 62226

Date of Service:_____, 20_____.
(To be inserted by officer on the copy left with the defendant or other person)

Case No:

STATE OF ILLINOIS}
MADISON COUNTY}ss

I,_____, Sheriff of said county, have duly served the within summons on the defendant_____ by leaving a copy thereof with said defendant personally, on the_____ day of_____, 20_____.

I have duly served the said summons on the defendant,_____ on the _____ day of_____, 20_____, by leaving a copy of said summons on said date at his usual place of abode with _____, a person of the family of said _____ of the age of 13 years or upwards and by informing such persons with whom said summons was left of the contents thereof and by also sending a copy of said summons on the_____ day of _____, 20_____, in a sealed envelope, with postage fully prepaid, addressed to said defendant _____ at his usual place of abode, as stated hereinabove in my return.

Dated this _____day of_____ 20_____.

_____
Sheriff

| Sheriff's Fees | |
|---|---|
| Service | $_____ |
| Making Copies | $_____ |
| Miles Traveled | $_____ |
| Copies | $_____ |
| Return | $_____ |
| Total | $_____ |

***EFILED***
Case Number 2020AR000349
Date: 10/15/2020 1:31 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| KATHY KENNEDY, | ) |
|         Plaintiff, | )    2020AR000349 |
| Vs | ) |
| WALMART INC., | ) |
|         Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Kathy Kennedy, by and through her attorneys, Hipskind & McAninch, LLC, and for her Complaint against Defendant, Walmart Inc., states as follows:

1. On or before October 10, 2020, Defendant, Walmart, Inc. (hereafter "Wal-Mart"), owned, operated, managed, maintained, and controlled an establishment known as Wal-Mart Supercenter located at 1040 Collinsville Crossing Boulevard, Collinsville, Illinois 62234.

2. On October 10, 2020, Plaintiff, Kathy Kennedy, was on the premises as a customer and patron of Wal-Mart, when she tripped over a pallet, causing her to fall to the floor.

3. At the time and place alleged above, Wal-Mart had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the subject premise.

4. On October 10, 2020, Wal-Mart in violation of such duty, committed one or more of the following negligent acts:

    a. Failed to inspect the premises to ascertain the presence of a pallet on the floor;

  b. Caused or allowed a pallet to be present on the floor presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such pallet;

  c. Caused or allowed a partially cleared pallet to remain on the floor presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such pallet;

  d. Failed to timely and properly maintain the subject area so as to provide a safe walking surface for its customers;

  e. Failed to provide any type of warning for its customers concerning the unsafe condition of the subject area, when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of its customers, including Plaintiff; and/or

  f. Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

5. As a proximate result of one or more of the foregoing negligent acts or omissions of Wal-Mart, Plaintiff was caused to fall and suffer significant injuries and resulting damaged.

WHEREFORE Plaintiff, Kathy Kennedy, requests that the Court enter judgement in his favor against Defendant, Walmart Inc., in an amount not exceeding $50,000.00 and for any other relief that is just under the circumstances.

Respectfully Submitted,

**HIPSKIND & MCANINCH, LLC**

By: /s/ Brady McAninch
John T. Hipskind, #6296743
Brady M. McAninch, #6306542
5111 West Main Street
Belleville, Illinois 62220
brady@hm-attorneys.com
Phone: 618-641-9189
Fax: 618-551-2642
*Attorneys for Plaintiff*

## RULE 222 AFFIDAVIT

STATE OF ILLINOIS         )
                          )   SS.
COUNTY OF MADISON         )

    Brady M. McAninch, being first duly sworn upon his oath, deposes and states that the damages sought herein not to exceed fifty-thousand ($50,000.00).

                              /s/ Brady McAninch
                              Brady McAninch